IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-253-BO-KS

| | | |
|---|---|---|
| JONATHAN COOKE, CHARLES FARRIOR, TERRY HARRIS, DESTINEE KITTRELL, DELORES KITTRELL, DAVANNA JOHNSON, CHUTNEY NANCE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | O R D E R |
| CITY OF RALEIGH, DETECTIVE OMAR I. ABDULLAH, and DETECTIVE RISHAR PIERRE MONROE, in their individual and official capacities, | ) ) ) ) ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motions to dismiss plaintiffs' complaint. Plaintiffs have responded, defendants have replied, and a hearing on the motions was held before the undersigned on February 19, 2026, at Raleigh, North Carolina. In this posture, the motions are each ripe for disposition. For the reasons that follow, the motions are granted.

BACKGROUND

Plaintiffs instituted this action in Wake County, North Carolina Superior Court on March 19, 2025. [DE 1-2]. Plaintiffs bring claims for violation of their Fourth Amendment rights under 42 U.S.C. § 1983; for conspiracy to interfere with their civil rights in violation of 42 U.S.C. § 1985; as well as state law claims for assault and battery; false imprisonment/false arrest; conspiracy to violate and violations of the North Carolina Constitution; negligent hiring, training, supervision, and retention; and for civil liability for acts of terror under N.C. Gen. Stat. § 1-539.2D.

Plaintiffs also seek punitive damages. Plaintiffs' claims arise out of the execution of two search warrants at 5009 and 5024 Royal Oaks Acres in Raleigh on March 19, 2020.

DISCUSSION

Each of the defendants has moved to dismiss all but plaintiffs' state law civil liability for acts of terror claim under Fed. R. Civ. P. 12(b)(6) as, *inter alia*, barred by the statute of limitations. *See* [DE 21] at 10-12; 17; 19; [DE 29] at 3; 7; [DE 31] at 7; 14.

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts are permitted to apply the affirmative defense of a statute of limitations at the motion to dismiss stage where it is apparent from the face of the complaint and where "'the plaintiff's potential rejoinder to the defense is foreclosed by the allegations in the complaint.'" *In re Gardasil Prods. Liab. Litig.*, 743 F. Supp. 3d 726, 736 (W.D.N.C. 2024) (alteration omitted)

2

(quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007)). As defendants have argued, the applicable statute of limitations for each of plaintiffs' claims, with the exception of their state law civil liability for acts of terrorism claim, is three years. *See Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014) (limitations period for § 1983 claim is borrowed from state personal injury limitations period); N.C. Gen. Stat. § 1-52(5) (personal injury claims must be brought within three years); *McHam v. N. Carolina Mut. Life Ins. Co.*, No. 105CV01168, 2007 WL 1695914, at *2 (M.D.N.C. June 11, 2007) (state personal injury limitations period also applies to § 1985 claims); *Morley v. N. Carolina Dep't of Health & Hum. Servs./Broughton Hosp.*, 171 F. Supp. 2d 585, 592 (W.D.N.C. 2001) (three year limitations period applies to North Carolina Constitution claims); *Bendross v. Town of Huntersville*, 159 N.C. App. 228 (2003) (unpublished) (applying three year limitations period under N.C. Gen. Stat. § 1-52(5) to negligent supervision and retention claim). Even considering plaintiffs' tolling agreement entered with the City of Raleigh, the three-year limitations period bars these claims. *See* [DE 21] at 11; [DE 21-5].

Plaintiffs have either not substantively responded to defendants' arguments that all but one of their claims is barred by the applicable statute of limitations, *see* [DE 32], or they have misstated the law by arguing that, because their civil liability for acts of terrorism claim is timely, so too are their remaining claims. *See* [DE 37] at 13. In sum, defendants have established that the applicable limitations periods bar all but plaintiffs' civil liability for acts of terrorism claim, which has a statute of limitations of five years. N.C. Gen. Stat. 1-51(3). Plaintiffs' § 1983, § 1985, North Carolina Constitution, and North Carolina personal injury and negligence claims are therefore dismissed.

"The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995); 28 U.S.C. § 1367(c). As the basis for this Court's subject matter jurisdiction has dropped away, the Court, in its discretion, declines to exercise jurisdiction over the remaining state law claim. The Court discerns no inconvenience or lack of fairness to the parties should it decline to exercise supplemental jurisdiction, and this case is not so advanced that any economies would be gained by this Court retaining jurisdiction. *Id.* at 110. This claim is therefore dismissed without prejudice.

CONCLUSION

Accordingly, for the foregoing reasons, and for those reasons argued by the defendants in their memoranda, defendants' motions to dismiss [DE 20]; [DE 28]; [DE 30] are GRANTED. Plaintiffs' state law civil liability for acts of terrorism claim is DISMISSED without prejudice. All of plaintiffs' remaining claims are DISMISSED with prejudice as barred by the applicable statute of limitations. The Clerk is DIRECTED to enter judgment and close this case.

SO ORDERED, this ____ day of *March* 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4